IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RANDALL FUTCH,

    Plaintiff,

v.

GRAND PERFORMER INC. d/b/a JW MARRIOTT SAVANNAH,

    Defendant.

CIVIL ACTION NO.: 4:24-cv-177

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 27, 2025, Report and Recommendation, (doc. 11), to which plaintiff has filed an objection, (doc. 12). In addition to Plaintiff's Objection, Defendant has filed a response, (doc. 13), and Plaintiff has filed a "Notice," (doc. 14), to which Defendant has responded, (doc. 15). Those filings are all discussed below. For the reasons explained more fully below, the Court **ADOPTS** the Report and Recommendation as its opinion. (Doc. 11.) Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. (Doc. 7.) Plaintiff will, however, have an opportunity to submit an Amended Complaint as directed below.

As the Report and Recommendation explains, the extremely terse allegations in the Complaint, which was originally filed in the Superior Court of Chatham County, Georgia, are "obviously insufficient to state a claim." (Doc. 11, p. 4.) Plaintiff's Objection does not dispute that his original Complaint's allegations are insufficient to state a claim. (See generally doc. 12.) Instead, he mischaracterizes the United States Supreme Court's holding that conclusory statements in a pleading are not entitled to the assumption of truth afforded to factual allegations as "the

Magistrate Judge['s] . . . theory . . . ."  (Id., p. 1-2); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), 679 ("In keeping with these principles a court considering a motion to dismiss can choose to being by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").  Plaintiff then proceeds to proffer additional facts, clearly not included in his original pleading, that he contends support the merits of his claim.  (Doc. 12, pp. 2-3.)  Those additional allegations are not properly considered at this time, however, because "[a]ttempts to amend pleadings through objections to reports and recommendations are improper."  Brown v. Sharpe, CV623-071, 2024 WL 1254804, at *1 (S.D. Ga. Mar. 25, 2024).  Moreover, the attempt is moot, given the Court's adoption of the Magistrate Judge's conclusion that Plaintiff is entitled to an opportunity to (properly) amend his Complaint. The Complaint, as removed to this Court, clearly fails to state any claim upon which relief can be granted.  Defendant's "response" to the Objection focuses on the sufficiency of the additional factual allegations to support a claim.  See generally doc. 13.  However, because those additional allegations are not properly before the Court, unless and until the Complaint is properly amended, Defendant's arguments concerning their sufficiency are moot.

As the Magistrate Judge explained, in this Circuit "a complaint should not be dismissed under [Rule] 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  (Doc. 11, p. 5 (quoting Horton v. Gilchrist, 128 F.4th 1221, 1224 (11th Cir. 2025) (internal quotation marks omitted)).)  As noted above, Defendant's response, charitably, argues that the particular facts that Plaintiff has procedurally improperly proffered in his Objection are insufficient, but nowhere in the response does Defendant object to the Magistrate Judge's statement of the law or suggest that Plaintiff "can

2

prove <u>no set of facts</u>" that would state a claim.  (<u>See generally</u> doc. 13.)   As the Magistrate Judge recommended, therefore, Defendant's Motion to Dismiss is **GRANTED**, (doc. 7), and Futch is **DIRECTED** to submit any Amended Complaint by no later than fourteen (14) days from the date of this Order.   Futch is advised that failure to submit any Amended Complaint within that period may result in the dismissal of this case for failure to comply with a court order and failure to prosecute.  <u>See, e.g.</u>, Fed. R. Civ. P. 41(b).   Defendant shall respond to any Amended Complaint Futch files as required by the Federal Rules.  <u>See, e.g.</u>, Fed. R. Civ. P. 15(a)(3).   Finally, the Court acknowledges Futch's Notice, which takes issue with the tone of Defendant's response to his Objection.  (Doc. 14.)   Nothing in that "Notice," or Defendant's response to it, alters the Court's determinations discussed above.[1]

**SO ORDERED**, this 28th day of March, 2025.

  
_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Futch's contention that he was not "provided" with a copy of Defendant's response is too ambiguous to merit any relief.  Moreover, to the extent that it merely asserts that he did not receive the copy that Defendant's counsel certified was mailed to him, (<u>see</u> doc. 13, p. 5; <u>see also</u> doc. 15), the Federal Rules provide that "service by mail <u>is complete upon mailing</u>," Fed. R. Civ. P. 5(b)(2)(C).  As a prominent treatise explains, "[s]ince [Rule 5(b)(2)(C) expressly directs that service is complete upon mailing, nonreceipt . . . of the papers by the person to be served generally does not affect the validity of service." 4B Fed. Prac. & Proc. Civ. § 1148 (4th ed. June 2024).   To the extent that the "Notice" requests that the Court "ORDER [Defendant's counsel] to comply wit [sic] the Courts [sic] rules and provide the plaintiff with all pleading [sic] filed with this Court and stop backdoor tactics," it is **DENIED**.   (Doc. 14.)