**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

JOHN RANDALL FUTCH,

      Plaintiff,

    v.

GRAND PERFORMER INC. d/b/a JW
MARRIOTT SAVANNAH,

      Defendant.

CIVIL ACTION NO.: 4:24-cv-177

## O R D E R

*Pro se* Plaintiff John Randall Futch sued Defendant Grand Performer, Inc., alleging that Defendant engaged in discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. (See doc. 1-1.) Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim of discrimination under Title VII. (Doc. 18.) The Motion has been fully briefed. (See docs. 19, 20, 21 & 22.) For the reasons below, the Court **GRANTS** Defendant's Motion. (Doc. 18.)

### BACKROUND

In the Amended Complaint, Plaintiff alleges that while he was employed with Defendant, he was discriminated against, subjected to "a lower standard of a protected class," treated differently than others, verbally harassed, and bullied. (Doc. 17, p. 2.) Plaintiff alleges that he has suffered from "bad acts" by other employees, that he was assaulted by another employee, and that he has suffered from psychological damage. (Id. at pp. 2–3.) He claims that his supervisor and

management were aware of the alleged treatment, although management "did nothing but allow it to continue," causing Plaintiff's resignation. (Id. at p. 2.) Plaintiff attaches a text message he received from his supervisor that states, "Don't let anyone get to you. Remember, everyone digging a ditch for you will fall into it themselves." (Id. at p. 7.)

Plaintiff initially filed a complaint in the Superior Court of Chatham County alleging employment discrimination. (See doc. 1-1, pp. 3–5.) Defendant removed the case to this Court. (See generally doc. 1.) Defendant filed an Answer, (doc. 6), and its first motion to dismiss, (doc. 7). The Court adopted the Magistrate Judge's Report and Recommendation, (doc. 11), granted Defendant's motion, and directed Plaintiff to submit an amended complaint, (doc. 16). Plaintiff subsequently filed an Amended Complaint, (doc. 17), and Defendant filed the at-issue Motion to Dismiss, (doc. 18). Plaintiff filed a Response, (doc. 19), and a Memorandum in Opposition, (doc. 20). Defendant filed a Reply, (doc. 21), and Plaintiff filed a "Notice for Purpose of Clarification," (doc. 22).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). That said, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. Rather, "[a] complaint must

2

state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215 (11th Cir. 2012) (quoting Ashcroft, 556 U.S. at 678).

The plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft, 556 U.S. at 678 (internal quotation marks and citation omitted). Dismissal under Rule 12(b)(6) is also permitted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); see also Neitzke v. Williams, 490 U.S. 319, 326–27 (1989) (explaining that Rule 12 allows a court "to dismiss a claim on the basis of a dispositive issue of law").

Additionally, in its analysis, the Court will abide by the long-standing principle that pleadings drafted by unrepresented parties are held to a less stringent standard than those drafted by attorneys and therefore must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, a party's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Henderson v. Allied Universal, No. 1:18-CV-01779-TWT-JFK, 2019 WL 13293712, at *4 (N.D. Ga. July 1, 2019), *report and recommendation*

*adopted sub nom.*, Henderson v. Universal Prot. Serv., LLC, No. 1:18-CV-1779-TWT, 2019 WL 13293711 (N.D. Ga. July 29, 2019) (quoting Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007)).

## DISCUSSION

### I.     Defendant's Motion to Dismiss

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  "[T]he plaintiff bears the initial burden of establishing a *prima facie* case of discrimination by showing (1) that [he] belongs to a protected class, (2) that [he] was subjected to an adverse employment action, (3) that [he] was qualified to perform the job in question, and (4) that [his] employer treated 'similarly situated' employees outside [his] class more favorably." Lewis v. City of Union City, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (internal citations omitted).  Defendant argues that Plaintiff has failed to plead facts which support a claim of discrimination under Title VII.  (Doc. 18-1.)

The Court cannot find any facts (beyond mere conclusory allegations) in the Amended Complaint that Defendant discriminated against Plaintiff.[1]  Plaintiff alleges that he was "treated

---

[1]  Defendant argues that the Court should only consider "the claims specifically asserted in the Amended Complaint."  (Doc. 18-1, p. 4.)  "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted).  Plaintiff attaches the original complaint to the Amended Complaint and urges that the original complaint "provides clear facts this Plaintiff stipulated that his supervisor was aware of the bad acts and actions of employee's that while he was employed with [Defendant]," and states that "the facts are evidence[d] by the record and initial complaint whereas the Plaintiff was discriminated against and subjected to a lower standard of a protected class."  (Doc. 17, pp. 1–2 (internal quotations omitted).)  Even taking into consideration the allegations in Plaintiff's prior complaint, however, Plaintiff has still failed to allege facts suggesting that Defendant is liable to Plaintiff for discrimination.

differently than similarly situated employees outside of a 'protected class,'" but does not state what protected class he claims to belong to. (Doc. 17 p. 3.) Likewise, as for the requirement of alleging an adverse employment action, his allegations of "discrimination" and "harassment" are unacceptably vague and constitute legal conclusions. (See generally doc. 17.) The Amended Complaint, as currently pled, continues to be no more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," tendering "naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (internal quotations and citation omitted). In response to Defendant's Motion, Plaintiff proffers additional facts, clearly not included in his original pleading or Amended Complaint, which he contends support the merits of his claim. (See docs. 19 & 20.) In his Response, Plaintiff alleges that he suffered an injury to his hand that left him "partially disable[d]" and that "took away his career."[2] (Doc. 19, p. 2.) In his "Notice for Purpose of Clarification," Plaintiff states that the United States Equal Employment Opportunity Commission "clearly defines . . . 'age 40 or older'" as a "protected class from harassment bullying to the extent is treated differently [sic]."[3] (Doc. 22, p. 2.) However, these additional allegations are not properly considered at this time because "[p]laintiffs cannot amend their Complaint through

---

[2] Defendant argues that Plaintiff has not alleged a claim under the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA") in the Amended Complaint. (Doc. 21, p. 2.) The ADA provides that no covered entity, including employers, "shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . or discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Because Plaintiff's additional allegations are not properly before the Court (unless and until the Amended Complaint is properly amended), Defendant's arguments concerning their sufficiency are moot.

[3] Plaintiff has not alleged a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") in the Amended Complaint. (See doc. 17.) "The ADEA makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age'" if the individual is at least forty years of age. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 67 (2000) (quoting 29 U.S.C. § 623(a)(1)). To the extent that Plaintiff alleges age discrimination in his "Notice," such allegations are not properly before the Court because they were not included in his pleadings. Nothing in the "Notice" alters the Court's determinations discussed in this Order.

their brief in response to the motion to dismiss." Brannen v. United States, No. 4:11-CV-0135-HLM, 2011 WL 8245026, at *5 (N.D. Ga. Aug. 26, 2011), *aff'd sub nom.*, Jesse E. Brannen, III, P.C. v. United States, 682 F.3d 1316 (11th Cir. 2012) (citing Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1314 (11th Cir.2004)).   The Amended Complaint continues to fail to state any claim upon which relief can be granted as Plaintiff has failed to plead sufficient facts to support a claim under Title VII.  (See doc. 17.)  Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. 18.)

**II.      Opportunity to Amend**

Although Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, that determination does not end the case.  According to the Eleventh Circuit Court of Appeals, "because a complaint should not be dismissed under [Rule] 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[,] a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." Horton v. Gilchrist, 128 F.4th 1221, 1224 (11th Cir. 2025) (internal quotations and citation omitted).   Nowhere in Defendant's Motion, (doc. 18), or Reply, (doc. 21), does Defendant argue that Plaintiff "can prove no set of facts" that would state a claim.  Horton, 128 F.4th at 1224.

A *pro se* plaintiff is typically granted at least one opportunity to amend a complaint.  See Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988)) ("[The Eleventh Circuit has] held that where 'more specific allegations . . . would have remedied the pleading problems found by the district court,' the court was required to give a *pro se* plaintiff the opportunity to amend his complaint."); Jenkins v. Walker, 620 F. App'x 709, 711 (11th Cir. 2015) (citing Bank v. Pitt, 928 F.2d 1108,

1112 (11th Cir. 1991), *overruled in part by* <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); <u>see also</u> Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires").  "But a district court need not grant leave to amend when either (1) 'the district court has a clear indication that the plaintiff does not want to amend his complaint,' or (2) 'a more carefully drafted complaint could not state a claim.'" <u>Woldeab</u>, 885 F.3d at 1291 (quoting <u>Bank</u>, 928 F.2d at 1112).

Because Plaintiff is proceeding *pro se* and has not "clearly indicated" that he does not want to amend his Complaint, and because a more carefully crafted complaint might be able to state a claim, the Court affords Plaintiff one final opportunity to amend his pleading.  Plaintiff is advised that his second amended complaint must comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and the following requirements:

(1)     The second amended complaint shall contain a "Jurisdictional" section wherein Plaintiff sets forth the specific federal cause(s) of action under which he brings his claims or alleges sufficient facts to support diversity jurisdiction, 28 U.S.C. § 1332.

(2)     The second amended complaint shall contain a section of facts set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances.  Plaintiff should not simply attach and refer to the original complaint and/or the Amended Complaint for purposes of providing the factual allegations upon which his claims are based.  Allegations of fact must show that Plaintiff is entitled to relief and must be stated in a clear, concise, and direct manner.  They may not include legal argument, legal standards, or legal conclusions.  Plaintiff

shall provide the specific dates, as far as practicable, on which the factual allegations occurred.  In other words, Plaintiff may not allege facts that are vague, conclusory, or immaterial to his claims.

Because it appears that Plaintiff is attempting to bring claims pursuant to Title VII of the Civil Rights Act, Plaintiff is advised that he should set forth allegations in the second amended complaint or attach documents showing that he has filed a charge with the EEOC and that he has received a right-to-sue letter from the EEOC pertaining to that charge.  (Plaintiff is advised that he may not attach documents to the second amended complaint without tying their relevance to a factual allegation.)

(3)     The second amended complaint shall contain a cause of action section, wherein Plaintiff shall set forth the individual cause(s) of action he asserts against Defendant.  Within each cause of action, Plaintiff shall identify the statute under which the claim is brought.  And for each cause of action alleged, Plaintiff must set forth the factual allegations about Defendant's conduct supporting that specific cause of action.  Plaintiff should not incorporate by reference previous paragraphs within the complaint.

(4)     The second amended complaint shall contain a section stating the relief that Plaintiff seeks against Defendant.

(5)     Plaintiff is encouraged to consult the section of the Court's website entitled "Filing Without an Attorney," available at https://www.gasd.uscourts.gov/filing-without-attorney.

8

**CONCLUSION**

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (doc. 18), and **DIRECTS** Plaintiff to submit any amended complaint by no later than **fourteen (14) days** from the date of this Order.  Plaintiff is advised that his second amended complaint will supersede the current operative Amended Complaint and therefore must be complete in itself.  See Malowney v. Dec. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); Varnes, 674 F.2d at 1370 n.6.  Plaintiff is further advised that failure to submit a second amended complaint within that period may result in the dismissal of this case for failure to comply with a Court Order and failure to prosecute.  See, e.g., Fed. R. Civ. P. 41(b).  Defendant shall respond to any second amended complaint Plaintiff files as required by the Federal Rules. See, e.g., Fed. R. Civ. P. 15(a)(3).

**SO ORDERED**, this 11th day of March, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9